# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RONALD K. ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-cv-1436-TWP-DML |
| | ) | |
| THE CITY OF INDIANAPOLIS, CHIEF | ) | |
| OF POLICE, A. LAMLE, E. WITTEN, | ) | |
| and LAURA N. SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff, Ronald K. Roberts ("Plaintiff"), has filed a Complaint against five defendants: (1) the City of Indianapolis ("City"), (2) the Chief of Police Paul Ciesielski ("Chief of Police"), (3) Officer A. Lamle, (4) Officer E. Witten, and (5) Officer Laura N. Smith. Plaintiff's Complaint stems from allegations that he was "placed in a locked police car without air conditioning and the windows closed tight by the Indianapolis Metropolitan Police Department," causing elevated blood pressure and chest pains that necessitated medical care. (Complaint ¶¶ 11, 13). Plaintiff's federal claims include violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff's state law claims include false arrest, false imprisonment, assault, battery, malicious prosecution, abuse of process, conspiracy tort, negligence, and gross negligence.

This matter is now before the Court on a Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings (Dkt. 12) brought by two of the defendants: the City and the Chief of Police (collectively for purposes of this Motion, "Defendants"). For the reasons set forth below,

Defendants' Motion for Judgment on the Pleadings (Dkt. 12) is **GRANTED** in part and **DENIED** in part.

## I. <u>LEGAL STANDARD</u>

Courts treat Rule 12(c) motions like garden-variety Rule 12(b)(6) motions. *Guise v. BMW Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). The primary difference between a Rule 12(b)(6) motion and a Rule 12(c) motion is that "a party may file a 12(b) motion before its answer;" whereas a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 n.3 (7th Cir. 1998).

When reviewing a 12(b)(6) Motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citation omitted). However, the allegations must "give the defendant fair notice of what the…claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations and internal quotations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).[1]

## II. <u>DISCUSSION</u>

Defendants contend that Plaintiff's Complaint is insufficient for three reasons.[2] First, Plaintiff's *Monell* claim against the City and Chief of Police fails because it lacks any reference to a City custom, policy, or practice, and it fails to state how any such custom, policy, or practice directly caused Plaintiff's alleged constitutional deprivation. Second, Plaintiff's state law claims should be dismissed because his Notice of Tort Claim is insufficient under the Indiana Tort Claims Act ("ITCA"). Third, the City is entitled to immunity under the ITCA for all of Plaintiff's state tort claims. These three arguments are addressed in turn below.

### A.       Did Plaintiff state a *Monell* claim?

As an initial matter, Plaintiff's *Monell* claim against the City and the Chief of Police in his official capacity are treated as one and the same. *See Grievson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) ("Grievson's claims against the Sheriff in his official capacity are treated as claims against Marion County itself."). It is well-settled that *respondeat superior* will not suffice to impose Section 1983 liability on a municipality. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Instead, case law recognizes three ways in which a municipality's policy can violate an individual's civil rights:

---

[1] Plaintiff argues that the present motion should not be treated like a Rule 12(b)(6) motion and should instead be converted into a motion for summary judgment. However, for the reasons discussed in Defendants' reply brief (Dkt. 17 at 2-4), this argument is without merit.

[2] Initially, Defendants made four separate arguments in their motion, including one that Plaintiff has failed to allege a federal claim against the Chief of Police in his personal capacity. In his response, Plaintiff conceded as much. Accordingly, the Court need not address this argument, as it is now a moot point.

(1) an express policy that, when enforced, causes a constitutional deprivation;

(2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or

(3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (citation and internal quotations omitted). Further, to be liable, a government entity's official policy or custom must be the "moving force" behind the alleged constitutional deprivation. *Grieveson*, 538 F.3d at 771.

Plaintiff's *Monell*-related allegations are fairly scant, limited to two statements: the Chief of Police (1) failed "to take corrective action with respect to police personnel, whose vicious propensities were notorious" and (2) "failed to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct." (Complaint ¶ 1). These bare-bones assertions, Defendants argue, fail to state a *plausible* claim that the City has a custom, policy, or practice which caused Plaintiff's alleged constitutional deprivation.

This argument is well-taken. That said, it is also important to note that the Supreme Court has expressly rejected heightened pleading standards for Section 1983 claims against a municipality. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) ("We think that it is impossible to square the 'heightened pleading standard' applied by the Fifth Circuit…with the liberal system of 'notice pleading'…"). And, significantly, even after *Twombly* and *Iqbal*, district courts in the Seventh Circuit have affirmed this principle, holding that plaintiffs are not required to plead specific facts to prove the existence of a municipal policy. *See, e.g., Miller v. City of Plymouth*, 2010 WL 1474205, at *6 (N.D. Ind. April 9, 2010); *Diaz v. Hart*, 2010 WL 849654 (N.D. Ill. March 8, 2010). Thus, "an official

capacity claim can survive even with conclusory allegations that a policy or practice existed, so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing." *Riley v. County of Cook*, 682 F. Supp. 2d 856, 861 (N.D. Ill. 2010) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)).

Here, Plaintiff has alleged that he suffered injuries after police officers locked him in a police car without air conditioning and with the windows closed. The clear upshot of Plaintiff's allegations is that this injury was a consequence of the City's failure "to assure proper training and supervision" and "implement meaningful procedures" to discourage officer misconduct. At bottom, the Court finds that Plaintiff has, by the slimmest of margins, stated a plausible *Monell* claim. The parties should be entitled to develop a suitable record for a summary judgment motion, and a contrary decision would potentially "jump the gun." Therefore, Defendants' Motion is **DENIED** with respect to Plaintiff's *Monell* claim.

**B.      Did Plaintiff fail to comply with the ITCA?**

Next, Defendants contend that Plaintiff's state law claims are barred because he did not satisfy the notice provisions of the ITCA. Pursuant to Ind. Code § 34-13-3-8(a), "a claim against a political subdivision is barred unless notice is filed with…the governing body of that political subdivision…within one hundred eighty (180) days after the loss occurs." Ind. Code § 34-13-3-8. Compliance with the ITCA is a legal determination to be made by the court. *Lake County Juvenile Ct. v. Swanson*, 671 N.E.2d 429, 437 (Ind. Ct. App. 1996).

Here, Defendants do not dispute that Plaintiff filed a timely Notice of Tort Claim ("Notice"). Rather, Defendants argue that the Notice was inadequate because "it did not state that Plaintiff intended to seek relief against either the Chief [of Police] or the City for false arrest,

false imprisonment, assault, battery, malicious prosecution, conspiracy tort, negligence, and gross negligence." (Dkt. 13 at 13).

The adequacy of Plaintiff's Notice boils down to whether or not it "contains sufficient information which reasonably affords the political subdivision with an opportunity to promptly investigate the claim." *Howard County Bd. of Commissioners v. Lukowiak*, 810 N.E.2d 379, 383 (Ind. Ct. App. 2004) (notice for claim of automobile damage and medical costs could not be construed to include claim for lost wages and loss of consortium, even though notice used the term "total damages"). While Plaintiff's Notice was perhaps less than exhaustive, it put the City on notice that Plaintiff intended to make a claim and provided a factual basis for that claim. Thus, the information furnished by Plaintiff's Notice was sufficient to give the City ample opportunity to investigate.

Specifically, the Notice states that "Claimant was placed in a locked car without air and the windows closed tight by the Indianapolis Police Department" and, as a result, his "blood pressure went dangerously high; he suffered chest pains and was rushed to the hospital and is currently under medical care." (Dkt. 11-1 at 3). Moreover, the Notice lists the date of the incident, the location, and the officers involved. Clearly, Plaintiff gave a reasonable indication of the nature of his claim. *See id.* at 384 n.3 ("More is required of a claimant than to just provide his name and state that he is making a claim…[s]ome indication of the type of claim, *such as personal injury*, must be given.") (emphasis added). Because Plaintiff met this modest threshold, the Court rejects the argument that Plaintiff's state law claims are procedurally barred.

**C.      Is the City of Indianapolis entitled to law enforcement immunity?**

The ITCA provides that a governmental entity, or an employee acting within the scope of his or her employment, is not liable if a loss results from the "adoption and enforcement of or

failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment." Ind. Code § 34-13-3-3(8). Here, Plaintiff alleges that he is entitled to relief under the state law theories of false arrest, false imprisonment, assault, battery, malicious prosecution, abuse of process, conspiracy tort, negligence, and gross negligence. In light of the language of Ind. Code § 34-13-3-3(8), the City argues that it is entitled to outright immunity on all claims other than false arrest and false imprisonment (Plaintiff's claims of assault, battery, malicious prosecution, abuse of process, conspiracy tort, negligence, and gross negligence). After all, the individual officers were enforcing a law when the incident occurred and there are no allegations that the individual officers acted outside the scope of their employment. Plaintiff does not respond to, let alone dispute, this argument.

Moreover, the City argues that Plaintiff's Complaint does not actually state viable claims for false arrest and false imprisonment. To that end, the City highlights that Plaintiff's Complaint does not mention a lack of probable cause or otherwise challenge his arrest in a meaningful fashion. *See Row v. Holt*, 864 N.E.2d 1011, 1016 (Ind. 2007). Simply stated, the Court is persuaded by the City's argument. Further, this decision is strongly reinforced by Plaintiff's conspicuous failure to respond to Defendants' argument relating to false arrest and false imprisonment.[3] By failing to respond, Plaintiff effectively abandoned his state law claims against the City. *See Palmer*, 327 F.3d at 597 (claims not addressed in opposition brief were waived). For these reasons, Defendant's Motion is **GRANTED** as to Plaintiff's state law claims against the City.

---

[3] Curiously, Plaintiff's response brief instead addressed qualified immunity issues that were not raised by Defendants.

### III. CONCLUSION

For the reasons set forth herein, Defendants' Motion for Judgment on the Pleadings (Dkt. 12) is **GRANTED** as to all of Plaintiff's state law claims against the City of Indianapolis and the Chief of Police, but **DENIED** as to Plaintiff's *Monell* claims against both the City of Indianapolis and the Chief of Police.


SO ORDERED.

Date: 06/14/2011 _____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Beth Ann Dale
CITY OF INDIANAPOLIS,
CORPORATION COUNSEL
bdale@indygov.org, bdoyle@indygov.org

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com, hal@rucklaw.com

Jennifer Lynn Haley
CITY OF INDIANAPOLIS,
CORPORATION COUNSEL
jhaley@indy.gov, bdoyle@indy.gov

John F. Kautzman
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com, hal@rucklaw.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrjustice@aol.com

John C. Ruckelshaus
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com

Blair Wheat
ROBERTS & BISHOP
bwheat@roberts-bishop.com